O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS DUVALL,<br><br>   Plaintiff,<br><br>  vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>   Defendant. | CASE NO. ED CV 09-01764 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

   Plaintiff Dennis Duvall challenges the Commissioner's adverse disability decision on a single basis: that the Administrative Law Judge erred in not including, in the residual functional capacity, the limitation proposed by Dr. Fabella that Plaintiff not work around dangerous machinery. From this error, Plaintiff alleges, other errors flowed. The limitation was not included in the hypothetical questions posed to the vocational expert, and the jobs for which Plaintiff was deemed qualified involved the use of dangerous machinery (or, in one instance, did not fit the "light" classification). If Plaintiff is correct, then the decision must be reversed.

   The essential question is whether the Administrative Law Judge was required to accept the limitation on Plaintiff's ability to function that was included in the assessment of Dr. Fabella. The answer to that question is no. This Court must affirm the Commissioner's decision if substantial evidence supports it, *Drouin v. Sullivan*, 966 F.2d

1255, 1257 (9th Cir. 1992), and the fact that there is some evidence that does not support it does not mean that the decision itself is not backed by substantial evidence. Thus, the Court must uphold the decision if the evidence is subject to more than one rational interpretation, *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005), and the Administrative Law Judge can rely on the opinion of a medical expert for his determination, over that of other doctors. *Morgan v. Apfel*, 169 F.3d 595, 600 (9th Cir. 1999).

Here, the residual functional capacity articulated by the Administrative Law Judge found support in the opinion of Dr. Landau, a medical expert who reviewed Plaintiff's medical record. [AR 36] The Administrative Law Judge referenced Dr. Landau's assessment [AR 23], and gave reasons that he preferred Dr. Landau's assessment over that of consultative examiners. [*Id*.] Dr. Landau's opinion did not include the limitation against working with machinery that Dr. Fabella's opinion did, but there was nothing that compelled the Administrative Law Judge to favor Dr. Fabella's opinion over Dr. Landau's, rather than vice-versa. To do so would turn the substantial evidence standard on its head, and require the Court to determine if there were substantial evidence contrary to the decision, rather than ascertain if substantial evidence supported the decision. That, however, is not the law.

Accordingly, there is no basis to reverse the decision, and the Commissioner's decision therefore is affirmed.

DATED: June 7, 2010

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE